## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

ZOETIS SERVICES LLC,

           Plaintiff,                 **Civil Action No.**

      v.

PERRIGO CO. and SERGEANT'S PET CARE PRODUCTS, INC.,

           Defendants.

_____/

Dale R. Burmeister (P29342)
HARVEY KRUSE, P.C.
1050 Wilshire Dr., Suite 320
Troy, Michigan 48084
Tel: 248-649-7800
Fax: 248-649-2316

Bonnie L. Jarrett (*pro hac vice* admission to be filed)
Thomas Matthew (*pro hac vice* admission to be filed)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Tel: 212-446-4800
Fax: 212-446-4900

_____/

## COMPLAINT

     Plaintiff Zoetis Services LLC ("Plaintiff" or "Zoetis") by and through its attorneys,

brings this action against Defendants Perrigo Co. ("Perrigo") and Sergeant's Pet Care Products,

Inc. ("Sergeant's," and collectively with Perrigo, "Defendants") for trademark infringement

under federal and state law, false designation of origin, and unfair competition under state and

common law, and hereby alleges as follows:

## NATURE OF THE ACTION

    1.     Despite having knowledge of Zoetis' federally registered, incontestable

VANGUARD marks for veterinary products, namely canine vaccines, Defendants recently announced plans to offer a veterinary product, namely a flea treatment for dogs and cats, under the confusingly similar mark VANTAGUARD 2.

2.      Defendants' use of a nearly identical mark on similar goods as those sold by Zoetis is likely to cause consumer confusion, mistake and/or to deceive as to the source, origin, or association of its products and services, as consumers are likely to mistakenly believe that the VANTAGUARD 2 product is the same as or affiliated with products sold under the VANGUARD marks.

3.      Zoetis accordingly seeks an order from this Court directing that Defendants: (1) be enjoined from further use of VANTAGUARD 2 or other infringement of Zoetis' VANGUARD marks; (2) disgorge all profits gained from their use of VANTAGUARD 2; and (3) pay Zoetis its damages and attorneys' fees arising from Defendants' willful infringement.

## THE PARTIES

4.      Plaintiff Zoetis Services LLC is a Delaware corporation with offices at 100 Campus Drive, Florham Park, New Jersey 07932.

5.      Upon information and belief, Defendant Perrigo Company is a Michigan corporation with offices at 515 Eastern Avenue, Allegan, Michigan 49010.

6.      Upon information and belief, Defendant Sergeant's Pet Care Products, Inc. is a Michigan corporation with offices at 515 Eastern Avenue, Allegan, Michigan 49010.

## JURISDICTION AND VENUE

7.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a) and 15 U.S.C. § 1121.  Because Zoetis and Defendants are citizens of different states and the matter in controversy exceeds $75,000 exclusive of interest and costs, this Court also has diversity jurisdiction under 28 U.S.C. § 1332.  Further, this Court has supplemental

jurisdiction over Zoetis' state-law claims pursuant to 28 U.S.C. § 1367(a) because those claims are substantially related to Zoetis' federal claims.

8.     The Court has personal jurisdiction over Defendants because, upon information and belief, Defendants are Michigan corporations with their principal places of business in the State of Michigan within this judicial district.

9.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c).

## FACTS

## ZOETIS AND THE VANGUARD MARKS

10.     Zoetis is a leading animal health company.  It discovers, develops, manufactures and markets veterinary vaccines and medicines, and also offers diagnostic products, genetic tests, and related animal health services.  Zoetis' products and services are offered worldwide to pet owners, veterinarians, livestock producers, and people who raise and care for farm and companion animals.

11.     Zoetis owns federal trademark Registration No. 1,398,221 for VANGUARD for "canine vaccines" (the "'221 Registration").  A true and correct copy of the '221 Registration, along with the United States Patent & Trademark Office's ("PTO") Trademark Assignment Abstract of Title for the '221 Registration, is attached hereto as Exhibit A.

12.     VANGUARD has been used in commerce by Zoetis or its predecessors since as early as April 17, 1978.

13.     The PTO issued the '221 Registration on July 1, 1985.  The '221 Registration is incontestable.

14.     Zoetis also owns federal trademark Registration No. 2,397,527 for VANGUARD PLUS for "canine vaccines" (the "'527 Registration").  A true and correct copy of the '527 Registration, along with the PTO's Trademark Assignment Abstract of Title for the '527

Registration, is attached hereto as Exhibit B.

15.     VANGUARD PLUS has been used in commerce by Zoetis and its predecessor since as early as June 1999.

16.     The PTO issued the '527 Registration on July 22, 19999.  The '527 Registration is incontestable.

17.     Zoetis' federal trademark registrations for VANGUARD and VANGUARD PLUS provide constructive nationwide notice of Zoetis' exclusive ownership of those marks.

18.     Zoetis also has established common law trademark rights in its VANGUARD marks.  All of Zoetis' trademark rights in marks that consist of or incorporate the mark VANGUARD are referred to collectively herein as the "VANGUARD Marks."

19.     For nearly 40 years, the VANGUARD Marks have been associated with a wide range of products that help shield dogs from a variety of viruses and diseases.

20.     One such vaccine product is VANGUARD crLyme, which protects dogs from Lyme disease carried by ticks and has been available since January 2016.

21.     Other vaccines offered under Zoetis' VANGUARD Marks include (1) VANGUARD L4, which protects dogs from the infectious bacterial disease leptospirosis; (2) VANGUARD Plus 5, VANGUARD Plus 5 L4, and VANGUARD Plus 5 L4 CV, each of which protects against a variety of viral infections including canine distemper, hepatitis, respiratory disease, parainfluenza, and parvoviral enteritis; and (3) VANGUARD PLUS 5/CV, which protects against canine distemper, hepatitis, respiratory disease, canine parainfluenza, enteritis, and canine parvovirus, among many others.

22.     Since the first VANGUARD vaccine was introduced in 1978, Zoetis and its predecessors have invested substantial effort and expense in developing the VANGUARD brand,

4

including spending many millions of dollars on advertising and promoting products sold under

the VANGUARD Marks.  For example, Zoetis and its predecessors have used the VANGUARD

Marks extensively in marketing materials and on product packaging, examples of which are

shown below.













23.    Zoetis also promotes products sold under the VANGUARD Marks on its website located at the domain name www.zoetis.com, examples of which are shown below.







24.     As a result of these considerable promotional efforts, the VANGUARD Marks enjoy extensive goodwill and consumer recognition in the United States.

25.     Each year, Zoetis sells many millions of dollars' worth of VANGUARD-brand vaccines for dogs.

## DEFENDANTS' INFRINGEMENT OF THE VANGUARD MARKS

26.     Upon information and belief, despite having knowledge of Zoetis' prior rights to the VANGUARD Marks for veterinary products, Defendants adopted and commenced use of the confusingly similar mark VANTAGUARD 2 for its own veterinary products.

27.     Specifically, on March 16, 2016, Defendant Perrigo issued a press release announcing its VANTAGUARD 2 flea treatment product (the "VANTAGUARD 2 Press Release").  A true and correct copy of the VANTAGUARD 2 Press Release is attached hereto as Exhibit C.

28.     In the VANTAGUARD 2 Press Release, Defendant Perrigo compared the price of its VANTAGUARD 2 flea treatment product to the "average veterinarian retail price" for Bayer's ADVANTAGE II flea treatment product.  *See* Exhibit C, at 3.

29.     According to the VANTAGUARD 2 Press Release, VANTAGUARD 2 will be available in mid-2016 and will be "available exclusively in the pet specialty channel."  *See* Exhibit C, at 2.

30.     The VANTAGUARD 2 flea treatment product will compete with products sold by veterinarians.

31.     Defendant Perrigo issued a separate press release on March 16, 2016, regarding its ADVANCED 2 flea treatment product (the "ADVANCED 2 Press Release").  A true and correct copy of the ADVANCED 2 Press Release is attached hereto as Exhibit D.

32.     The description of the ADVANCED 2 product contained in the ADVANCED 2

Press Release is identical to the description of the VANTAGUARD 2 product contained in the

VANTAGUARD2 Press Release.

33.     Both press releases describe the product as follows:

[The product] contains the same active ingredients as Advantage® II,
imidacloprid and pyriproxyfen, but costs less.*  This monthly flea topic kills all
stages of the flea life cycle and works through contact so fleas don't need to bite
to die, which helps prevent flea allergy dermatitis.  [The product] is ideal for
urban dogs or cats that aren't exposed to ticks.

- Compare to Advantage II – costs less*

- Kills fleas, flea eggs and flea larvae

- Starts working through contact

- Waterproof

- 4 application doses per carton

[The product] will be available in four weight breaks for dogs and puppies over 7 weeks
of age and in two weight breaks for cats and kittens over 8 weeks of age in mid-2016.

*See* Exhibit C, at 1-2; Exhibit D, at 1-2.

34.     Defendants' VANTAGUARD 2 and ADVANCED 2 products are identical.

35.     The only difference between Defendants' VANTAGUARD 2 and ADVANCED

2 products is that the VANTAGUARD 2 product uses a mark that is confusingly similar to

Zoetis' well-known VANGUARD Marks in order to trade off the goodwill that Zoetis has

developed in those marks.

36.     None of Zoetis' other competitors in the animal health product field use marks

that are confusingly similar to the VANGUARD Marks.  Instead, those competitors use

distinctly different marks, such as ADVANTAGE II, ADVANTIX, FRONTLINE, ULTRA

DURAMUNE, KENNEL-JEC-2, and THE PUPPYSHOT.

37.     Upon information and belief, Defendants' VANTAGUARD 2 mark is the only

other mark in the animal health product field that uses the prefix VAN and the suffix GUARD.

38.    Upon information and belief, Defendants could use the ADVANCED 2 mark for both of their flea treatment products—which, unlike VANTAGUARD 2, is not confusingly similar to Zoetis' VANGUARD Marks.

39.    Defendants did not choose this available alternative, however.  Instead, Defendants deliberately chose to adopt the name VANTAGUARD 2 mark for their flea treatment product in an effort to unlawfully trade off the goodwill and reputation that Zoetis and its predecessors have developed in the VANGUARD Marks over nearly four decades of consistent trademark use.

40.    The VANTAGUARD 2 mark is virtually identical in appearance, sound and meaning, and is very likely to be confused with, Zoetis' VANGUARD Marks.  The result is that consumers likely will mistakenly believe that Defendants' goods and services are sponsored, authorized, or produced by Zoetis, or are under license from Zoetis, or vice versa, or that Defendants are somehow associated with Zoetis.

41.    Defendants' conduct poses a significant threat to the goodwill and value Zoetis has built up in its VANGUARD Marks.

42.    Zoetis has never given Defendants, or any company or person affiliated with Defendants, permission to use its VANGUARD Marks.

## DEFENDANTS HAVE REFUSED TO CEASE INFRINGING THE VANGUARD MARKS

43.    On April 6, 2016, after learning of Defendants' use of VANTAGUARD 2, Zoetis sent Defendant Perrigo a letter to request that Defendants cease their use of the VANTAGUARD 2 mark and adopt another name that is not confusingly similar to the VANGUARD Marks.  A true and correct copy of that letter is attached hereto as Exhibit E.

44.     Defendant Perrigo responded on April 21, 2016.  In its response, Perrigo rejected Zoetis' concerns regarding possible confusion and stated that Defendants would not change the name of its product.  A true and correct copy of that letter is attached here to as Exhibit F.

45.     Because Defendants refuse to cease infringing the VANGUARD Marks, Zoetis was left with no alternative but to file this action.

## ZOETIS WILL BE IRREPARABLY HARMED IF DEFENDANTS ARE ALLOWED TO USE THE VANTAGUARD 2 MARK

46.     Defendants' conduct is continuing and is likely to continue (indeed, according to the VANTAGUARD 2 Press Release, the magnitude of their infringement will increase exponentially in the coming months and years if not enjoined), constituting an ongoing and growing threat to Zoetis and the public.  Unless Defendants are enjoined from continuing to use the VANTAGUARD 2 mark—and any other confusingly similar variations of Zoetis' VANGUARD Marks—to promote goods and services that are overlapping and highly similar to Zoetis' goods and services, Defendants' infringing conduct will destroy the value of the marks that Zoetis has spent years developing and significant efforts in promoting.  This has caused, and will continue to result in, irreparable injury to Zoetis, diminution of the goodwill in the VANGUARD Marks, consumer confusion, and harm to the public.

47.     Upon information and belief, Defendants offer and/or intend to offer their VANTAGUARD 2 veterinary products in the same channels of commerce and to the same class of consumers as the products Zoetis sells under its VANGUARD Marks.

48.     It would be difficult to ascertain the amount of compensation that could afford Zoetis adequate remedy for Defendants' acts, present and threatened, and Zoetis' remedy at law is not adequate in and of itself to compensate for this harm and damage.

## CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**Trademark Infringement Under the Lanham Act (15 U.S.C. § 1114)**

49.      Zoetis repeats and realleges each and every allegation above as though set forth fully herein.

50.      Zoetis owns valid, enforceable and incontestable United States registrations for, the VANGUARD mark and the VANGUARD PLUS marks, as described above, as well as common law rights in the VANGUARD Marks.

51.      As a result of Zoetis' extensive use and promotion of the VANGUARD Marks in interstate commerce and its commitment to protecting the distinctiveness of its marks, the VANGUARD Marks enjoys significant goodwill and brand equity and have become associated in the minds of consumers with Zoetis and its goods and services.

52.      Defendants' use of the VANTAGUARD 2 mark in connection with veterinary products is likely to cause consumer confusion.  The parties' trademarks are identical or very similar, and their goods are overlapping, complementary, and/or and highly related.

53.      Zoetis has not consented to Defendants' use of VANTAGUARD 2 as a brand name (or for any other use).

54.      Defendants had actual and/or constructive knowledge of Zoetis' trademark rights prior to using VANTAGUARD 2 to identify Defendants' veterinary products.

55.      Defendants' unauthorized use of the VANTAGUARD 2 mark in connection with the offering or promotion of their goods or services without Zoetis' consent falsely indicates to consumers that the parties' products and services are in some manner connected with, sponsored by, affiliated with, or related to each other.

56.      Defendants' use of the VANTAGUARD 2 mark constitutes trademark

infringement in violation of 15 U.S.C. § 1114.

57.     As a result of Defendants' trademark infringement, Zoetis has suffered (and will

continue to suffer) damages in an amount to be determined at trial.

58.     Defendants' actions described above are deliberate, willful, fraudulent and

without any extenuating circumstances, and constitute a knowing violation of Zoetis' rights.

Zoetis is entitled to recover its actual damages, attorneys' fees, and costs incurred in this action,

as this is an "exceptional case" pursuant to 15 U.S.C. § 1117(a).

59.     Zoetis also has suffered irreparable injury to its business as a result of

Defendants' aforementioned acts of infringement, and, unless Defendants' infringement is

enjoined by the Court, Zoetis will continue to suffer irreparable harm.  There is no adequate

remedy at law for the harm caused by Defendants' infringement.

### SECOND CLAIM FOR RELIEF
### False Designation of Origin Under the Lanham Act (15 U.S.C. § 1125(a)(1)(A))

60.     Zoetis repeats and realleges each and every allegation above as though set forth

fully herein.

61.     The VANGUARD Marks are inherently distinctive of Zoetis' goods and services,

and additionally, as a result of Zoetis' marketing, enjoys significant goodwill and secondary

meaning in the marketplace.

62.     Defendants' interstate use of the VANTAGUARD 2 mark in advertising and

promotional materials is a false designation of origin, false description, or a false representation,

that wrongfully and falsely designates Defendants' products and services as originating from, or

being connected with, Zoetis.  Defendants' use is likely to deceive consumers into believing that

Defendants' goods and/or services are those of, approved by, or associated with, Zoetis, and as a

consequence, Defendants' use of the VANTAGUARD 2 mark is likely to divert consumers away from Zoetis' goods and services.

63.     Defendants' actions as described above and their infringing use of the VANTAGUARD 2 mark to promote their goods and services to the same audience as that for Zoetis' goods and services constitutes a false designation of origin and unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

64.     Defendants' adoption and use of a mark so similar to that of the VANGUARD Marks for overlapping, complementary, and/or highly related goods and services has caused, and will continue to cause, irreparable injury to the value of Zoetis' business, and the goodwill in and reputation of Zoetis and its VANGUARD Marks.  Zoetis will continue to suffer irreparable injury unless Defendants' misconduct is enjoined.

65.     As a result of this false designation of origin, Zoetis has suffered damages in an amount to be determined at trial.

66.     Defendants' actions described above are deliberate, willful, fraudulent and without any extenuating circumstances, and constitute a knowing violation of Zoetis' rights. Zoetis is entitled to recover its actual damages, attorneys' fees, and costs incurred in this action, as this is an "exceptional case" pursuant to 15 U.S.C. § 1117(a).

### THIRD CLAIM FOR RELIEF
### Trademark Infringement Under Mich. Comp. Laws § 429.42

67.     Zoetis repeats and realleges each and every allegation above as though set forth fully herein.

68.     The VANGUARD Marks are inherently distinctive of Zoetis' goods and services, and additionally, as a result of Zoetis' marketing, enjoys significant goodwill and secondary meaning in the marketplace.

69.     Defendants' use of the VANTAGUARD 2 mark in advertising and promotional materials is a false designation of origin or false description that wrongfully and falsely designates Defendants' products and services as originating from, or being connected with, Zoetis.  Defendants' use is likely to deceive consumers into believing that Defendants' goods and/or services are those of, approved by, or associated with, Zoetis, and as a consequence, Defendants' use of the VANTAGUARD 2 mark is likely to divert consumers away from Zoetis' goods and services.

70.     Defendants' actions as described above and its infringing use of the VANTAGUARD 2 to promote its goods and services to the same audience as that of Zoetis' goods and services constitutes a false designation of origin and unfair competition in violation of Section 429.42 of the Michigan Compiled Laws.

71.     Defendants' adoption and use of a mark so similar to that of the VANGUARD Marks for overlapping, complementary, and/or highly related goods and services has caused, and will continue to cause, irreparable injury to the value of Zoetis' business, and the goodwill in and reputation of Zoetis and its VANGUARD Marks.  Zoetis will continue to suffer irreparable injury unless Defendants' misconduct is enjoined.

72.     As a result of this false designation of origin, Zoetis has suffered damages in an amount to be determined at trial.

73.     Defendants' actions described above were intended to cause confusion or mistake or to deceive.  Zoetis is entitled to recover its actual damages or Defendants' profits Mich. Comp. Laws § 429.42.

### FOURTH CLAIM FOR RELIEF
**Common Law Trademark Infringement and Unfair Competition**

74.     Zoetis repeats and realleges each and every allegation above as though set forth fully herein.

75.     This is a claim for trademark infringement and unfair competition arising under the common law of the State of Michigan.

76.     By virtue of having used and continuing to use the VANGUARD Marks in commerce, Zoetis has acquired common law trademark rights in the VANGUARD Marks.

77.     Defendants' intentional use of a mark identical and/or confusingly similar to the VANGUARD Marks infringes Zoetis' common law trademark rights in the VANGUARD Marks and is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendants' goods and services originate from, or are affiliated with, or are endorsed by Zoetis, when, in fact, they are not.

78.     By virtue of the acts complained of herein, Defendants have intentionally caused a likelihood of confusion among the public and have unfairly competed with Zoetis in violation of the common law of the State of Michigan.

79.     Defendants' aforementioned acts have been deceptive and have injured Zoetis and damaged Zoetis in an amount to be determined at trial.

80.     As a direct and proximate result of Defendants' common law trademark infringement and unfair competition, Zoetis has suffered, and unless enjoined by this Court will continue to suffer, monetary loss, irreparable injury, and other damage to Zoetis' business, reputation and goodwill in the VANGUARD Marks for which Zoetis has no adequate remedy at law.

81.     As a direct and proximate result of Defendants' common law trademark and

unfair competition, Zoetis has been forced to retain counsel to prosecute this claim and is entitled to recover its attorney's fees and costs incurred herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Zoetis respectfully requests that the Court enter an Order:

1.      Enjoining Defendants as well as their subsidiaries, partners, officers, agents, servants, employees, attorneys, and all those acting in concert with them, from (1) using the VANTAGUARD 2 mark or any colorable imitation; and (2) doing any act or thing likely to confuse or deceive consumers into believing that there is some connection between Zoetis and Defendants;

2.      Ordering Defendants, pursuant to 15 U.S.C. § 1116, to file with this Court and serve on Zoetis within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which it has complied with the terms of any injunction entered by the Court;

3.      Ordering Defendants as well as their subsidiaries, partners, officers, agents, servants, employees, attorneys, and all those acting in concert with them to recall and/or destroy all goods, products, promotional materials or advertisements bearing the VANTAGUARD 2 mark or any similar variation thereof, which have been provided by Defendants or under their authority, to any customer;

4.      Awarding Zoetis (1) disgorgement of Defendants' profits and advantages gained from their use of the VANTAGUARD 2 mark; (2) all damages sustained by Zoetis in an amount to be proven at trial; (3) treble damages; (4) the costs of this action; (5) reasonable attorneys' fees; and (6) pre- and post-judgment interest as allowed by law;

5.      Entering judgment awarding Zoetis damages, reasonable attorneys' fees, and

injunctive relief pursuant to Michigan Compiled Laws § 429.42;

6.      Entering a judgment in connection with the asserted common law claims and/or otherwise permitted by law, including, without limitation, injunctive relief and an award of damages in favor of Zoetis in an amount to be determined; and

7.      Granting Zoetis such other and further relief as this Court deems just and equitable.

Dated: May 10, 2016

/Dale R. Burmeister/

Dale R. Burmeister (P29342)
HARVEY KRUSE, P.C.
1050 Wilshire Dr., Suite 320
Troy, Michigan 48084
Tel: 248-649-7800
Fax: 248-649-2316
dburmeister@harveykruse.com

KIRKLAND & ELLIS LLP
Bonnie L. Jarrett (*pro hac vice* admission to be filed)
Thomas Matthew(*pro hac vice* admission to be filed)
601 Lexington Avenue
New York, New York  10022
Tel:  212-446-4800
Fax:  212-446-4900
bonnie.jarrett@kirkland.com
thomas.matthew@kirkland.com

*Attorneys for Plaintiff*
ZOETIS SERVICES LLC

19

# EXHIBIT A

Int. Cl.: 5

Prior U.S. Cl.: 18

Reg. No. 1,398,221

## United States Patent and Trademark Office

Registered June 24, 1986

### TRADEMARK
#### PRINCIPAL REGISTER

## VANGUARD

NORDEN LABORATORIES, INC. (DELAWARE CORPORATION)
601 W. CORNHUSKER HIGHWAY
LINCOLN, NE 68501

FOR: CANINE VACCINE, IN CLASS 5 (U.S. CL. 18).

FIRST USE 4-17-1978;  IN COMMERCE 4-17-1978.

SER. NO. 545,841, FILED 7-1-1985.

HELEN ROBERTS WENDEL, EXAMINING ATTORNEY



**United States Patent and Trademark Office**



## Assignments on the Web > <u>Trademark Query</u>

# Trademark Assignment Abstract of Title

**Total Assignments: 5**

**Serial #:** <u>73545841</u>  **Filing Dt:** 07/01/1985  **Reg #:** <u>1398221</u>  **Reg. Dt:** 06/24/1986

**Registrant:** NORDEN LABORATORIES, INC.

**Mark:** VANGUARD

## Assignment: 1

**Reel/Frame:** <u>1015/0203</u>  **Recorded:** 08/12/1993  **Pages:** 7

**Conveyance:** MERGER 19911213DE

**Assignor:** <u>NORDEN LABORATORIES, INC.</u>  **Exec Dt:** 12/13/1991

**Entity Type:** CORPORATION

**Citizenship:** DELAWARE

**Assignee:** <u>SMITHKLINE BEECHAM CORPORATION</u>  **Entity Type:** CORPORATION

FP2220  **Citizenship:** PENNSYLVANIA

ONE FRANKLIN PLAZA PO BOX 7929

PHILADELPHIA, PENNSYLVANIA 19101

**Correspondent:** SMITHKLINE BEECHAM CORPORATION

GARRETT NOTESTEIN - FP2220

ONE FRANKLINE PLAZA - P.O. BOX 7929

PHILADELPHIA, PENNSYLVANIA 19101

## Assignment: 2

**Reel/Frame:** <u>1286/0224</u>  **Recorded:** 02/03/1995  **Pages:** 17

**Conveyance:** ASSIGNS THE ENTIRE INTEREST AND THE GOODWILL

**Assignor:** <u>SMITHKLINE BEECHAM CORPORATION</u>  **Exec Dt:** 01/19/1995

**Entity Type:** CORPORATION

**Citizenship:** PENNSYLVANIA

**Assignee:** <u>PFIZER INC.</u>  **Entity Type:** CORPORATION

235 EAST 42ND STREET  **Citizenship:** DELAWARE

NEW YORK, NEW YORK 10017

**Correspondent:** PFIZER INC.

JENNET S. WALKER

235 EAST 42ND STREET

NEW YORK, NY 10017

## Assignment: 3

**Reel/Frame:** <u>4879/0133</u>  **Recorded:** 10/11/2012  **Pages:** 10

**Conveyance:** ASSIGNS THE ENTIRE INTEREST

**Assignor:** <u>PFIZER INC.</u>  **Exec Dt:** 10/01/2012

**Entity Type:** CORPORATION

**Citizenship:** DELAWARE

**Assignee:** <u>AH USA 42 LLC</u>  **Entity Type:** LIMITED LIABILITY COMPANY

235 EAST 42ND STREET  **Citizenship:** DELAWARE

NEW YORK, NEW YORK 10017

**Correspondent:** PFIZER INC.

FIVE GIRALDA FARMS

MADISON, NJ 07940

## Assignment: 4

**Reel/Frame:** <u>4995/0208</u>  **Recorded:** 04/01/2013  **Pages:** 8

**Conveyance:** CHANGE OF NAME

**Assignor:** AH USA 42 LLC

**Exec Dt:** 02/01/2013
**Entity Type:** LIMITED LIABILITY COMPANY
**Citizenship:** DELAWARE

**Assignee:** ZOETIS LLC
100 CAMPUS DRIVE
FLORHAM PARK, NEW JERSEY 07932

**Entity Type:** LIMITED LIABILITY COMPANY
**Citizenship:** DELAWARE

**Correspondent:** ZOETIS INC.
100 CAMPUS DRIVE
FLORHAM PARK, NJ 07932

## Assignment: 5

**Reel/Frame:** 5516/0001          **Recorded:** 05/13/2015                          **Pages:** 144

**Conveyance:** ASSIGNS THE ENTIRE INTEREST

**Assignor:** ZOETIS LLC

**Exec Dt:** 04/26/2015
**Entity Type:** LIMITED LIABILITY COMPANY
**Citizenship:** NONE

**Assignee:** ZOETIS SERVICES LLC
100 CAMPUS DRIVE
FLORHAM PARK, NEW JERSEY 07932

**Entity Type:** LIMITED LIABILITY COMPANY
**Citizenship:** DELAWARE

**Correspondent:** CPA GLOBAL LIMITED
LIBERATION HOUSE
CASTLE STREET
ST HELIER, JE1 1BL JERSEY

Search Results as of: 05/10/2016 09:36 AM

If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350. v.2.5
Web interface last modified: July 25, 2014 v.2.5

# EXHIBIT B

Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51 and 52

Reg. No. 2,397,527

## United States Patent and Trademark Office

Registered Oct. 24, 2000

## TRADEMARK
### PRINCIPAL REGISTER

## VANGUARD PLUS

PFIZER INC. (DELAWARE CORPORATION)
235 EAST 42ND STREET
NEW YORK, NY 10017

   FOR: CANINE VACCINE, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 6–0–1999; IN COMMERCE 6–0–1999.
OWNER OF U.S. REG. NO. 1,398,221.

SER. NO. 75–758,097, FILED 7–22–1999.

DORITT L. CARROLL, EXAMINING ATTORNEY

  

**United States Patent and Trademark Office**

Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Assignments on the Web > <u>Trademark Query</u>

# Trademark Assignment Abstract of Title

**Total Assignments: 3**

**Serial #:** <u>75758097</u>   **Filing Dt:** 07/22/1999   **Reg #:** <u>2397527</u>   **Reg. Dt:** 10/24/2000

**Registrant:** Pfizer Inc.

**Mark:** VANGUARD PLUS

## Assignment: 1

**Reel/Frame:** <u>4879/0133</u>   **Recorded:** 10/11/2012   **Pages:** 10

**Conveyance:** ASSIGNS THE ENTIRE INTEREST

**Assignor:** <u>PFIZER INC.</u>   **Exec Dt:** 10/01/2012

**Entity Type:** CORPORATION

**Citizenship:** DELAWARE

**Assignee:** <u>AH USA 42 LLC</u>   **Entity Type:** LIMITED LIABILITY COMPANY

235 EAST 42ND STREET   **Citizenship:** DELAWARE

NEW YORK, NEW YORK 10017

**Correspondent:** PFIZER INC.

FIVE GIRALDA FARMS

MADISON, NJ 07940

## Assignment: 2

**Reel/Frame:** <u>4995/0208</u>   **Recorded:** 04/01/2013   **Pages:** 8

**Conveyance:** CHANGE OF NAME

**Assignor:** <u>AH USA 42 LLC</u>   **Exec Dt:** 02/01/2013

**Entity Type:** LIMITED LIABILITY COMPANY

**Citizenship:** DELAWARE

**Assignee:** <u>ZOETIS LLC</u>   **Entity Type:** LIMITED LIABILITY COMPANY

100 CAMPUS DRIVE   **Citizenship:** DELAWARE

FLORHAM PARK, NEW JERSEY 07932

**Correspondent:** ZOETIS INC.

100 CAMPUS DRIVE

FLORHAM PARK, NJ 07932

## Assignment: 3

**Reel/Frame:** <u>5516/0001</u>   **Recorded:** 05/13/2015   **Pages:** 144

**Conveyance:** ASSIGNS THE ENTIRE INTEREST

**Assignor:** <u>ZOETIS LLC</u>   **Exec Dt:** 04/26/2015

**Entity Type:** LIMITED LIABILITY COMPANY

**Citizenship:** NONE

**Assignee:** <u>ZOETIS SERVICES LLC</u>   **Entity Type:** LIMITED LIABILITY COMPANY

100 CAMPUS DRIVE   **Citizenship:** DELAWARE

FLORHAM PARK, NEW JERSEY 07932

**Correspondent:** CPA GLOBAL LIMITED

LIBERATION HOUSE

CASTLE STREET

ST HELIER, JE1 1BL JERSEY

# EXHIBIT C

Jane Ungaro
Chief Counsel
Global Trademarks

Zoetis
100 Campus Drive
Florham Park, NJ 07932

T 973 443 2917
M 347 573 2203
E jane.ungaro@zoetis.com



April 6, 2016

By Federal Express

Todd W. Kingma
Executive Vice President, General Counsel and Secretary
Perrigo Company plc
515 Eastern Avenue
Allegan, MI  49010

      Re:  Infringement of VANGUARD® and VANGUARD PLUS®

Dear Mr. Kingma:

      It has recently come to Zoetis' attention that Perrigo is using or planning to use the name SENTRY VANTAGUARD 2 for a flea treatment.   We are concerned since Zoetis uses VANGUARD and VANGUARD PLUS to identify canine vaccines in the U.S and abroad.  Zoetis also owns trademark registrations for VANGUARD® and VANGUARD PLUS® in the U.S. and elsewhere.  Copies of our U.S. Trademark Registrations, which are valid and subsisting and which were registered by our predecessors in interest, are attached to this letter.

      Our understanding is that SENTRY is used as a house mark so it is likely that VANTAGUARD will be emphasized on product packaging and marketing materials, thereby exacerbating the likelihood of confusion and/or dilution of our valuable VANGUARD and VANGUARD PLUS trademarks.  We hope Sentry will agree to adopt another name that is not confusingly similar to VANGUARD or VANGUARD PLUS.  Please contact me as soon as possible to discuss this matter.

      Nothing in this letter should be construed as a waiver, relinquishment, or election of rights or remedies by Zoetis, and Zoetis expressly reserves any and all rights and remedies under all applicable federal and state laws.

            Sincerely,

            Jane Ungaro

Int. Cl.: 5

Prior U.S. Cl.: 18

## United States Patent and Trademark Office

Reg. No. 1,398,221
Registered June 24, 1986

### TRADEMARK
### PRINCIPAL REGISTER

## VANGUARD

NORDEN LABORATORIES, INC. (DELAWARE CORPORATION)
601 W. CORNHUSKER HIGHWAY
LINCOLN, NE 68501

FOR: CANINE VACCINE, IN CLASS 5 (U.S. CL. 18).

FIRST USE 4-17-1978; IN COMMERCE 4-17-1978.

SER. NO. 545,841, FILED 7-1-1985.

HELEN ROBERTS WENDEL, EXAMINING ATTORNEY

Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51 and 52

Reg. No. 2,397,527

## United States Patent and Trademark Office

Registered Oct. 24, 2000

### TRADEMARK
### PRINCIPAL REGISTER

## VANGUARD PLUS

PFIZER INC. (DELAWARE CORPORATION)
235 EAST 42ND STREET
NEW YORK, NY 10017

   FOR: CANINE VACCINE, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 6–0–1999; IN COMMERCE 6–0–1999.
OWNER OF U.S. REG. NO. 1,398,221.

SER. NO. 75–758,097, FILED 7–22–1999.

DORITT L. CARROLL, EXAMINING ATTORNEY

# EXHIBIT D



VINCENT S. EGOLF, ESQ.
Senior Counsel
Direct (269) 686-1725
Fax (269) 673-1386
vincent.egolf@perrigo.com

April 21, 2016

<u>VIA FEDERAL EXPRESS</u>

Jane Ungaro
Chief Counsel Global Trademarks
Zoetis
100 Campus Drive
Florham Park, NJ 07932

Re:  VANGUARD and VANGUARD PLUS

Dear Ms. Ungaro:

This is in further to my email to you of April 12, 2016.  Perrigo has reviewed your letter and does not believe that the marketing of our product named SENTRY VantaGuard 2 Flea Treatment creates any type of confusion with the marks, VANGUARD and VANGUARD PLUS.

1. VANGUARD and VANGUARD PLUS are registered for "canine vaccines". Canine vaccines are sold to veterinarians directly (and in some cases to breeders). Veterinarians and breeders are sophisticated purchasers.  In contrast, SENTRY VantaGuard 2 will be sold over-the-counter to consumers.  Perrigo's product is marketed in different channels of trade and to different customer bases which strongly mitigates against any possible likelihood of confusion.

2. The VantaGuard 2 mark will be used in close proximity, and in a similar font size/style as the well-known SENTRY mark. Consumers will associate VantaGuard 2 with the well-known SENTRY brand.  SENTRY VantaGuard 2 is very different from VANGUARD in terms of sound, sight and meaning – and this factor also strongly undercuts any likelihood of confusion claim.

3. Perrigo Animal Health has developed a family of GUARD marks used with the SENTRY brand name including SENTRY FiproGuard® Plus and SENTRY

Perrigo Company
515 Eastern Ave., Allegan, MI 49010
(269)673-8451

CapGuard® for over-the-counter flea and tick products.  SENTRY VantaGuard 2 fits within this family.

4.  VANGUARD has a very different meaning/connotation from VantaGuard. VANGUARD means "leading the way."  VantaGuard is a coined term without a specific meaning.  Consumers who see SENTRY VantaGuard 2 will not think of the term "vanguard," or think of the "leading the way" meaning, or a vaccination sold under the VANGUARD name.

5.  VANGUARD is also commonly used as a trademark, as evidenced by the 220+ active trademark registrations and applications, including a few in International Class 5.  In addition, there is a Vanguard Vets company that operates a mobile vaccine clinic in Texas and a Vanguard K9 breeding business in Florida.

In light of the above, Perrigo believes that there would be no actual or potential consumer confusion based on the use of the product name SENTRY VantaGuard 2 for flea treatments.

That said, Perrigo believes that Zoetis' concerns can be potentially resolved through negotiation, not litigation.   Perrigo believes that a solution that avoids costly and protracted litigation would be a mutually beneficial outcome.

Should you wish to discuss further, please reach out to me.

Sincerely,

*Vincent S. Egolf*

Vincent S. Egolf

cc:     Todd W. Kingma, Esq.